**In re William HALL; Eleanor Hall, Debtors.**

**James RIGBY, Plaintiff–Appellant,**

v.

**William HALL; Eleanor Hall, Defendants–Appellees.**

No. 91–35934.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 1993.

Decided July 29, 1993.

---

854

James Rigby, pro se.

A. Stevens Quigley, Teresa C. McNally, and John Keckemet, Law Office of A. Stevens Quigley, Seattle, WA, for defendants-appellees.

Before: SKOPIL, ALARCON and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Trustee James Rigby appeals the district court's affirmance of the bankruptcy court's decision that debtors William and Eleanor Hall exempted their residence from the estate. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

## I

On December 26, 1985, the Halls petitioned for Chapter 11 bankruptcy and, under a federal statute, claimed a homestead exemption of "all" value in their residence. The residence had a value of $16,539 in excess of secured debt. Years later, the case was converted to Chapter 7, and the Halls amended the claim. They again claimed as exempt "all" value in the residence, but this time under a Washington statute. As of the conversion date, the residence had a value of approximately $98,000 in excess of secured debt. The trustee objected within 30 days after the Chapter 7 meeting of creditors, arguing the residence was valuable property of the estate. The bankruptcy court overruled the objection, stating the Halls had exempted the residence while in Chapter 11.

We independently review the bankruptcy court's decision. *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir.1986). We review findings of fact for clear error and conclusions of law *de novo*. *Id.*

## II

The trustee timely objected to the amended claim. Through the amendment, the Halls forfeited any federal exemption in the residence and claimed a Washington exemption subject to challenge in its entirety. 11 U.S.C. § 522(b); Bankruptcy Rule 4003(b). The trustee's objection, made within 30 days after the Chapter 7 meeting of creditors, was timely under Rule 4003(b).

## III

The trustee contends the Halls should be denied leave to amend the claim because the amendment was proposed in bad faith and was prejudicial to creditors. Absent a showing of either of these grounds, the Halls may amend the claim as a "matter of course" before the case is closed. Rule 1009(a); *see In re Williamson*, 804 F.2d 1355, 1358 (5th Cir.1986). In violation of

Circuit Rule 28–2.5, the trustee fails to state where in the record he raised any issue of bad faith or prejudice. Instead, the trustee took the opposite position in the bankruptcy court by arguing the amendment was "of no effect" because Washington law allows the same $16,539 homestead exemption as federal law. The trustee waived any bad faith or prejudice issue, and the Halls properly amended the claim. *In re Careau Group*, 923 F.2d 710, 713 (9th Cir.1991).

The Halls exempted the residence through the amended claim. Resolving against the Halls the ambiguity created by specifying a Washington statute and claiming as exempt "all" value in the residence, the amended claim covers only the property available for exemption under Washington law. *In re Hyman*, 967 F.2d 1316, 1319 (9th Cir.1992). The property exempted, its value and the applicable Washington law are determined as of the Chapter 11 filing date. 11 U.S.C. §§ 348(a), 522(a)(2), (b)(2)(A); *see Williamson*, 804 F.2d at 1359–62. Because as of that date the value of the Halls' interest, $16,539, was less than the exemption limit, $25,000, the Halls exempted the residence from any sale for the estate's benefit. RCW 6.12.050, .090, .100, .140, .150, .230 (all recodified at RCW 6.13.010–.240); *In re Gitts*, 116 B.R. 174, 178 (1990), *aff'd. and adopted in full*, 927 F.2d 1109 (1991). Appreciation in the residence's value since the Chapter 11 filing benefits the Halls. Because the residence is no longer property of the estate, we do not need to consider the Halls' arguments that equitable reasons estop the trustee from selling the residence.

AFFIRMED.