In re Terry **ALSBERG, dba Alsberg Brothers Boatworks, Debtor.**

Jerome E. **ROBERTSON, Trustee, Appellant/Cross–Appellee,**

v.

Terry **ALSBERG, dba Alsberg Brothers Boatworks, Appellee/Cross–Appellant.**

BAP Nos. NC–92–2318–JAsO, NC–93–1399–JAsO (cross-appeal). Bankruptcy No. 587–2962.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 23, 1993.

Decided Dec. 16, 1993.

---

Charles P. Maher, San Francisco, CA, for appellant/cross-appellee.

Henry G. Rendler, San Jose, CA, for appellee/cross-appellant.

Before: JONES, ASHLAND and OLLASON, Bankruptcy Judges.

1. Unless otherwise indicated, all references to Chapters or sections are to the Bankruptcy Code,

## OPINION

JONES, Bankruptcy Judge:

### FACTS

The debtor, Terry Alsberg, filed a petition under Chapter 11 of the Bankruptcy Code on May 29, 1987.[1] At that time, Alsberg owned and resided in a home at 1225 Prospect Street in Santa Cruz, California (the "Property") which is the subject of the instant appeal.

In his schedules and statements, Alsberg stated that the Property was worth $285,000. When Alsberg filed bankruptcy, the Property was encumbered by a deed of trust in favor of Coast Savings and Loan Association in the amount of $225,125, and by Internal Revenue Service ("IRS") and county tax liens which totalled about $86,000.

Alsberg was apparently unsuccessful attempting to reorganize and entered into an agreement to sell the Property on August 31, 1989. He then filed a motion for approval of the sale which was heard concurrently with a motion to convert the case to Chapter 7 on September 28, 1988. After that hearing, the court converted the case to a Chapter 7 and ordered the motion for approval of the sale held in abeyance pending review by the trustee, Jerome Robertson ("Trustee").

The Trustee determined that the sale should go forward, but that the motion for approval of the sale prepared and noticed by Alsberg's counsel was defective in a myriad of ways. The Trustee filed and served another motion for approval of the sale. The court finally approved the sale of the property with part of the proceeds used to pay off the deed of trust, costs of sale and capital gains tax. The rights to the remaining proceeds, about $115,000, were to be determined later.

In October, 1991, Alsberg filed a motion to compel the Trustee to abandon the remaining proceeds. Alsberg had obtained an appraisal in May, 1991, which stated that the value of the Property, as of May 29, 1987 when he filed bankruptcy, was $259,000. Alsberg ar-

11 U.S.C. § 101–1330.

gued that because the Coast Savings lien, combined with his California homestead exemption of $45,000, exceeded the value of the Property on the date he filed bankruptcy, the estate never had any interest in the Property. As a result, Alsberg asserted that he was entitled to any appreciation in the value of the Property during the pendency of the case.

The Trustee opposed Alsberg's motion for abandonment on three grounds. First, the Trustee asserted that Alsberg's homestead exemption did not protect him from the county or IRS liens and that the Trustee thus was obligated to distribute the sale proceeds in accordance with Bankruptcy Code § 724(b). According to the Trustee, this fact, combined with the order approving the sale of the Property which required the Trustee to distribute the proceeds of the sale, gave the estate an interest in the Property regardless of the existence of Alsberg's homestead exemption.

Second, the Trustee questioned Alsberg's assertion that the Property was worth $259,000 when Alsberg filed his Chapter 11 petition. The Trustee noted: (1) that this allegation was based upon a May, 1991 appraisal which attempted to recreate the value of the Property as of May 29, 1987; (2) that Alsberg had written a letter to the Trustee's counsel in January, 1990 which indicated that value of the Property then was either $296,875 or $301,942; and (3) that a September 1, 1988 appraisal indicated that the Property was worth $380,000. The Trustee asserted that the Property was worth substantially more than $259,000 when Alsberg filed bankruptcy and that the estate therefore had an interest in the Property and was entitled to any appreciation.

Third, the Trustee asserted that, regardless of the value of the property at the time Alsberg filed bankruptcy, Alsberg could not receive more than $45,000, the amount allowed under California law for a homestead exemption. Thus, of the proceeds remaining, Alsberg could receive no more than that.

After a hearing and submission of several supplemental briefs, the trial court issued a written decision determining: (1) that Alsberg was entitled to a homestead exemption of $45,000, because the amount allowable as a homestead is determined when property is sold; (2) that the Property was worth $259,000 when Alsberg filed bankruptcy; (3) that tax liens are irrelevant for purposes of determining the amount allowable as a homestead exemption; and (4) that because the estate had an interest in the Property when Alsberg filed bankruptcy, which it had not abandoned at the time of sale, the estate was entitled to any appreciation in the value of the Property during the case.[2]

Both Alsberg and the Trustee appeal. We affirm.

## ISSUE

Whether the trial court correctly held that the appreciation in the value of the Property during the pendency of the bankruptcy case belonged to the estate, not to Alsberg.[3]

## STANDARDS OF REVIEW

The court's holding that the estate is entitled to post-petition appreciation of the Property is a question of law which we review *de novo. See In re Wade,* 115 B.R. 222, 225 (9th Cir.BAP 1990).

## DISCUSSION

### 1. Introduction

Whatever the value of the Property when Alsberg filed bankruptcy, it increased substantially post-petition. Alsberg contends that because the Coast Savings lien, plus his $45,000 homestead exemption, exceeded the value of the Property when he filed bankruptcy, the estate never had an interest in the Property and he is therefore entitled to the full amount of the appreciation. Alsberg

---

**2.** The court specifically stated that it was not determining Alsberg's rights vis-a-vis those of the county or the IRS. Those claims were to be determined in a separate proceeding.

**3.** The Trustee also challenges the trial court's finding that the value of the Property when Alsberg filed bankruptcy was $259,000. As will be seen below, however, the value of the Property on that date would not change the result we reach, so we do not discuss that issue.

alternatively argues that abandonment was justified because the Property was overencumbered by the Coast Savings lien, plus his homestead exemption.

The Trustee argues that the tax liens must be added to the value of the Coast Savings lien before determining whether there was equity in the Property which would allow Alsberg to claim a homestead exemption. When this is done, according to the Trustee, there was no equity in the Property when Alsberg filed bankruptcy, so Alsberg can claim no homestead exemption. Alternatively, the Trustee argues that the amount of Alsberg's homestead exemption was capped at $33,875 because that was the amount of equity in the Property over and above the Coast Savings lien when Alsberg filed bankruptcy.

The parties' arguments diverge on tangents because of fundamental misunderstandings about two things: (1) The scope of the trial court's decision with respect to the tax liens, and (2) the concept of property of the bankruptcy estate. By clarifying these two issues we clear up confusion and simplify this appeal considerably.

### 2. Scope of the Trial Court Decision

The Trustee argues that the tax liens effectively eliminate Alsberg's homestead rights because they must be added to the Coast Savings lien before determining whether there is any equity in the Property to which Alsberg's homestead exemption can attach. He also asserts that the existence of the tax liens gives the estate an interest in the Property that it might not otherwise have pursuant to Bankruptcy Code § 724(b).[4]

These arguments, however, are irrelevant to this appeal because the trial court specifically stated that its decision was limited to a determination of Alsberg's and the bankruptcy estate's rights to the sale proceeds. Whether the taxing authorities had any claim to the funds superior to either Alsberg or the Trustee was to be decided in a separate proceeding. Thus, whether § 724(b) gives the estate an interest in the Property is not

relevant here. Moreover, as discussed below, the Trustee need not rely on § 724(b) to create an interest in the Property on behalf of the estate.

### 3. Property of the Estate and Related Issues

Bankruptcy Code § 541(a)(1) states that property of the estate includes "all legal or equitable interests of the debtor as of the commencement of the case." 11 U.S.C. § 541(a)(1). In the case at bar, Alsberg owned the Property when he filed bankruptcy. Clearly, therefore, the Property became property of his bankruptcy estate.

Once it becomes property of the bankruptcy estate, property can exit, for purposes of this appeal, by one of two methods: exemption or abandonment. Pursuant to Bankruptcy Code § 522, a debtor may claim as exempt certain property of the bankruptcy estate which he or she takes free and clear of any interest of the estate or the claims of creditors. See 11 U.S.C. § 522(b); Owen v. Owen, 500 U.S. 305, ——, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). In Owen, the Supreme Court noted that "[n]o property can be exempted ... unless it first falls *within* the bankruptcy estate." 111 S.Ct. at 1835 (italics in original). Thus, property that is later claimed as exempt must come into the bankruptcy estate in the first instance.

■ Alsberg asserts that the Property never became property of the estate because the Coast Savings lien, combined with his homestead exemption, exceeded the value of the Property. This argument is baseless. The Property did become property of Alsberg's estate. His claim of an exemption only allows him to take back out of the estate the property representing his exemption. There is no authority for the position that the Property never became property of the estate; indeed, that argument is directly contrary to both statutory and case law.

■ Pursuant to Bankruptcy Code § 554, property of the estate that is burdensome or of inconsequential value to the estate may be abandoned. 11 U.S.C. § 554. Either the

---

4. Section 724(b) governs distribution of tax lien claims. It effectively charges administrative

claims against tax liens to the extent that the tax liens are secured by property of the estate.

**684**

trustee or a party in interest may seek abandonment of property, but abandonment is not effective until both the procedural and the substantive requirements of § 554 are satisfied. *See* 11 U.S.C. § 554(a), (b); *Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 709–710 (9th Cir.1986).

■ The remaining issue is not abandonment; there is no basis for ordering abandonment of the property at issue because the property is now cash in a bank account. Thus, it clearly is neither burdensome nor inconsequential. Rather, the issue is how much, if any, of the remaining funds should be paid to Alsberg and how much should be retained by the Trustee pending a determination of the tax claims. This determination has nothing to do with abandonment.

*4. Entitlement to Appreciation*

Once again, we must emphasize what we are and are not deciding in this appeal. We are not deciding whether Alsberg's homestead exemption takes priority over either of the tax lien claims. That issue will be determined separately. Rather, we decide only how much of the remaining proceeds Alsberg is entitled to receive versus how much the estate is entitled to receive. There are three possibilities:

1. Alsberg gets $33,875, the difference between the value of the Coast Savings lien and the value of the Property as of the date Alsberg filed bankruptcy;

2. Alsberg gets $45,000, the full statutory amount of his homestead exemption; or

3. Alsberg gets the full $121,000 because, when he filed bankruptcy, the Coast Savings lien plus his homestead exemption exceeded the value of the Property.

Not surprisingly, the Trustee argues for option number 1 and Alsberg argues for option number 3. The trial court adopted option number 2 and we affirm.

■ We agree with the trial court's analysis of the Ninth Circuit's decisions in *In re Hyman*, 967 F.2d 1316 (9th Cir.1992) and *In re Reed*, 940 F.2d 1317 (9th Cir.1991), which hold that the bankruptcy estate, and not the debtor, is entitled to post-petition appreciation in estate assets[5] and that the amount of the debtor's homestead exemption is determined when the subject property is sold rather than being fixed as of the date the debtor files bankruptcy. *See Hyman*, 967 F.2d at 1321; *Reed*, 940 F.2d at 1323.[6]

This analysis makes sense especially in a case such as the one here. Alsberg filed a Chapter 11 petition and apparently tried for over a year to reorganize at which time he decided to sell the Property. He signed a sale agreement and filed a wholly inadequate motion for approval of the sale. At about the same time, the court, at the request of creditors, converted the case to a Chapter 7 and the Trustee was appointed. After reviewing the sale agreement, the Trustee determined that the sale was a good deal but that a new motion for its approval would need to be prepared and noticed. The Trustee also was aware that there were tax liens on the Property that might bring Bankruptcy Code § 724 into play. The Trustee then sought approval of the sale and consummated it, and marshaled other assets of the estate. Only then did Alsberg assert that the estate had no interest in the Property. Under these facts, we cannot agree with Alsberg.

**CONCLUSION**

We conclude that the trial court properly held that the estate was entitled to post-

---

**5.** We recognize that one recent Ninth Circuit case, *In re Hall*, 1 F.3d 853, 855 (9th Cir.1993), suggests that the debtor is entitled to post petition appreciation in the value of a residence. We find *Hall* distinguishable because the debtors there were not in the process of selling the residence at the time of the conversion (effectively requiring the trustee to consummate the sale) and there were no tax liens on the property as in the instant case. Moreover, *Hall* does not discuss, and clearly does not overrule, *Hyman* and *Reed*.

**6.** Alsberg argues that *Hyman* and *Reed* are distinguishable because they involved cases where the value of the subject property exceeded the value of liens and the debtors' homesteads. Although Alsberg is factually correct, nothing in either case suggests that this fact was material to the court's decision and we find this distinction irrelevant.

petition appreciation in the Property, but that Alsberg was entitled to $45,000 of the sale proceeds as his homestead exemption. AFFIRMED.