In re Joseph KAHAN, Debtor.

David SEROR, Plaintiff–Appellee,

v.

Joseph KAHAN, Defendant–Appellant.

No. 92–56155.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1994.

Decided May 19, 1994.

As Amended July 18, 1994.

Richard M. Moneymaker, Moneymaker & Kelley, Los Angeles, CA, for defendant-appellant.

Thomas M. Geher, Epstein, Becker & Green, Los Angeles, CA, for plaintiff-appellee.

Before: PREGERSON, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Opinion by Judge PREGERSON.

PREGERSON, Circuit Judge:

Chapter 7 debtor Joseph Kahan ("Mr. Kahan") appeals the district court's judgment affirming the bankruptcy court's order finding that Mr. Kahan's homestead exemption under California law is limited to $45,000.00. Mr. Kahan holds his residence in joint tenancy with his wife, Frieda L. Kahan ("Mrs. Kahan"), who did not declare bankruptcy. He contends that his entire one-half interest in the property is exempt from the bankruptcy estate. We have jurisdiction under 28 U.S.C. § 158(d). *White v. White (In re White)*, 727 F.2d 884, 885–86 (9th Cir.1984) (an order granting or denying a homestead exemption is immediately appealable). We affirm.

## BACKGROUND

On March 31, 1986, Appellant Mr. Kahan filed a Chapter 11 petition for bankruptcy relief. With his petition, Mr. Kahan filed a schedule entitled Schedule B–1—Real Property, that listed as his asset the real property at 177 South Poinsettia Place, Los Angeles, California 90036 [hereinafter the Property]. Mr. Kahan holds the Property in joint tenancy with his wife; disposition of her interest in the Property is not before us. He listed $375,000.00 as the Property's fair market value and listed four trust deed obligations which together exceeded $375,000.00. Mr. Kahan also filed a schedule entitled Schedule B–4—Property claimed as exempt, that listed the Property as exempt under Cal.Civ.Proc. Code § 704.740, to the extent of $45,000.00. A creditors' meeting was held on May 16, 1986, after which nobody filed objections to the claimed exemption.

Four years later, on July 23, 1990, Mr. Kahan's bankruptcy was converted from a Chapter 11 (reorganization) proceeding, 11 U.S.C. §§ 701–66, into a Chapter 7 (liquidation) proceeding, 11 U.S.C. §§ 1101–46. Respondent David Seror [hereinafter the Trustee] was appointed as Trustee to administer Mr. Kahan's estate. The Trustee commenced an adversary proceeding against Mrs. Kahan to enable him to sell the Property free and clear of her interest.[1]

On August 29, 1991, Mr. Kahan filed and served a document entitled Amended Schedules, which consisted of a Schedule B–4 form. Under the Amended Schedule B–4, Mr. Kahan claimed an exemption for his entire joint tenancy interest in the Property; the stated fair market value of his one-half interest was $187,500.00. For authority, Mr. Kahan relied on Cal.Civ.Proc.Code §§ 704.710(c) and 704.720(a), as well as § 522(b)(2)(B) of the Bankruptcy Code as interpreted by our court in *Schwaber v. Reed (In re Reed)*, 940 F.2d 1317 (9th Cir.1991), and by the California court of appeal in *Schoenfeld v. Norberg*, 11 Cal.App.3d 755, 90 Cal.Rptr. 47 (1970).[2] In addition, the Amended Schedule stated that if the Property were sold, Mr. Kahan would be entitled to $45,000.00 of the sale proceeds pursuant to § 704.730(a)(2).

On September 24, 1991, the Trustee filed an Objection to Amended Homestead Exemption, asserting that Mr. Kahan's homestead exemption is limited to $45,000.00.

---

1. The Bankruptcy Code permits the Trustee to "sell both the estate's interest ... and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety" provided that certain conditions are met. 11 U.S.C. § 363(h); Bankr.R. 7001(3). As explained *infra* note 3, the merits of the Trustee's claim against Mrs. Kahan are not part of this appeal.

2. In the column that asked Mr. Kahan to specify the statute creating the claimed exemption, Mr. Kahan did not list § 704.710 but mistakenly listed § 704.170.

The bankruptcy court entered an Order sustaining the Trustee's objections to Mr. Kahan's Amended Schedule.

Mr. Kahan appealed to the district court. The district court agreed with the bankruptcy court's analysis and affirmed the Order. Mr. Kahan appeals.[3]

## ANALYSIS

■ We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Briggs v. Kent (In re Professional Inv. Properties of America)*, 955 F.2d 623, 626 (9th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 63, 121 L.Ed.2d 31 (1992).

■ The bankruptcy estate includes all of the debtor's interests in property at the commencement of the case, except property that the debtor elects to exempt based on applicable federal or state law. 11 U.S.C. §§ 541(a), 522(b)(2). California has a homestead exemption statute. Under that statute, "the proceeds of sale [of a homestead] . . . are exempt in the amount of the homestead exemption provided in Section 704.730." Cal. Civ.Proc.Code § 704.720(b) (West 1982). When Mr. Kahan filed his Chapter 11 petition, section 704.730 provided for a homestead exemption in the amount of $45,000. Cal.Civ.Proc.Code § 704.730(a)(2) (exemption for judgment debtor who, at the time of an attempted sale, is a member of a family unit, if at least one family member owns no interest in the homestead); *Hyman v. Plotkin (In re Hyman)*, 967 F.2d 1316, 1318 n. 2 (9th Cir.1992) (ignoring as irrelevant post-petition statutory amendment that increases the applicable exemption amount) (citing *Harris v. Herman (In re Herman)*, 120 B.R. 127, 130 (9th Cir. BAP 1990)); *Magallanes v. Williams (In re Magallanes)*, 96 B.R. 253, 255 (9th Cir. BAP 1988) (Property of the

estate is determined by the Chapter 11 filing date if a case is converted to Chapter 7.).

## 1. Timeliness of the Trustee's Objection to Mr. Kahan's Claimed Homestead Exemption

To apply the homestead exemption in bankruptcy, Mr. Kahan, as debtor, must "file a list of property that [he] claims as exempt. . . ." 11 U.S.C. § 522(*l*). A "list [or] schedule . . . may be amended by the debtor as a matter of course at any time. . . ." Bankr.R. 1009(a). With Mr. Kahan's Chapter 11 petition, he filed a Schedule B–4 that listed the Property as exempt to the extent of $45,000.00. On August 29, 1991, in the Chapter 7 proceedings, Mr. Kahan filed an Amended Schedule that listed the Property as exempt to the extent of his entire joint tenancy interest, valued at $187,500.00.

■ Mr. Kahan contends that he is entitled to an exemption of $187,500.00 because the Trustee failed to file a timely objection. "Unless a party in interest objects, the property claimed as exempt on [the filed] list is exempt." 11 U.S.C. § 522(*l*). "The trustee . . . may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors . . . *or the filing of any amendment* to the list. . . ." Bankr.R. 4003(b) (emphasis added). The Trustee did not object to Mr. Kahan's initial Schedule B–4 (filed on March 31, 1986); he filed an objection to the Amended Schedule on September 24, 1991. The Trustee's objection was timely filed because the filing occurred within 30 days of the filing of the Amended Schedule.

■ Mr. Kahan contends that the second schedule did not reopen the time to object because it was merely a clarification of the March 1986 Schedule. We disagree. The Amended Schedule differed significantly from the initial schedule by claiming a higher

---

3. The bankruptcy court also entered a judgment on the Trustee's § 363(h) complaint, authorizing the Trustee to sell the Property free and clear of Mrs. Kahan's interest. Mrs. Kahan appealed the decision to the district court (No. CV 92–2606 WDK), and on July 27, 1993, the court vacated the judgment and remanded the case to the bankruptcy court. Because Mrs. Kahan's case is not part of this appeal, we do not decide whether

or under what conditions the Trustee may sell the Property. This appeal presents only the narrow question of whether Mr. Kahan is entitled to more than a $45,000.00 homestead exemption. Any detriment that Mrs. Kahan might suffer from a sale of the Property affects only the propriety of a sale, not the amount of Mr. Kahan's homestead exemption.

exemption amount. We read Mr. Kahan's initial exemption claim as limited to the "value claimed exempt," namely $45,000.00, rather than as a broad exemption claim that covered his undivided one-half interest in the Property. Mr. Kahan's arguments are identical to those made and rejected in *In re Hyman*. In that case, the debtors listed "homestead" as an exemption and valued the exemption at $45,000.00, but then claimed that the entire homestead was exempt because the trustee never objected. We held that the debtors' homestead exemption was limited to $45,000.00:

> [They] did not sufficiently notify others that they were claiming their entire homestead as exempt property; their schedule only gave notice that they claimed $45,000 as exempt, which is the proper amount of their homestead allowance.... Thus, the trustee had no basis for objecting ... to the $45,000 exemption to which the [debtors] were clearly entitled.

*In re Hyman*, 967 F.2d at 1319. Mr. Kahan's initial Schedule did not put the Trustee on notice that Mr. Kahan claimed an exemption that exceeded $45,000.00. Only the Amended Schedule stated an exemption claim that the Trustee contends might not be warranted by California law. *See id.* at 1319–20, n. 6 ("Because the time to object is relatively short, ... it is important that trustees ... be able to determine precisely whether a listed asset is validly exempt simply by reading a debtor's schedules. Given that the debtor controls the schedules, we construe any ambiguity therein against him.").[4]

■ We also reject Mr. Kahan's contention that his initial schedule claimed the *entire* Property as exempt. He focuses on the fact that the encumbrances on the Property exceed the stated fair market value of $375,000.00, because section 704.800 permits a forced sale of a homestead *only if* its sale price "exceeds the amount of the homestead exemption plus any additional amount necessary to satisfy all liens and encumbrances...." Cal.Civ.Proc.Code § 704.800(a). Mr. Kahan's argument is premature, because the bar against a forced sale depends upon the actual sale price, not the value listed on his asset schedule. *In re Hyman*, 967 F.2d at 1320 n. 8. Furthermore, the argument is irrelevant to the *amount* of his homestead exemption. *See id.* (Exemption amount must be entered into the calculation.).[5] The existence of encumbrances relates only to the propriety of a forced sale under California law, an issue which is irrelevant to the question on appeal of whether and to what extent the Property is part of the bankruptcy estate. We do not charge the Trustee with notice of an all-encompassing exemption claim where the schedules indicate that Mr. Kahan had no equity in the Property and that, therefore, there might be no value for the estate.

## 2. The Amount of Mr. Kahan's Homestead Exemption

■ We affirm the finding that Mr. Kahan's homestead exemption is limited to $45,000.00. Mr. Kahan initially claimed only a $45,000.00 exemption, meaning that the Trustee's failure to object did not cause either the entire Property or Mr. Kahan's joint tenancy interest to become exempt. The Amended Schedule entitles him to only a $45,000.00 exemption. *See Rigby v. Hall (In re Hall)*, 1 F.3d 853, 855 (9th Cir.1993) (If debtors ambiguously claim "all" value in their residence is exempt under a statute, claim protects only the allowed exemption amount)

---

4. Even if we charged the Trustee with an obligation to object to the initial schedule within 30 days of the creditors' meeting, his failure to object would only make the Property exempt to the extent claimed. 11 U.S.C. § 522(*l*); *Hyman v. Plotkin (In re Hyman)*, 967 F.2d 1316, 1319 (9th Cir.1992). The Trustee does not contest the $45,000.00 exemption.

5. *Rigby v. Hall (In re Hall)*, 1 F.3d 853 (9th Cir.1993) (pet. for reh'g and suggestion for reh'g en banc pending), is not relevant to our decision.

In that case, the effect of the homestead exemption under Washington law was to remove property from the estate. *Id.* at 855. *See* Wash.Rev.Code § 6.13.030 (1987) (limiting the *amount* of a homestead exemption to the lesser of $30,000.00 and the net value of the homestead); *id.* § 6.13.010(3) (defining the term "net value" as "market value less all liens and encumbrances"). We do not express an opinion upon the ultimate effect of the $45,000.00 exemption. We hold only that the amount of the exemption itself is $45,000.00.

(pet. for reh'g and suggestion for reh'g en banc pending).

Mr. Kahan argues extensively that *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), requires us to reverse the district court's judgment. In *Taylor,* the Supreme Court held that where the trustee fails to object timely to a claimed exemption, he cannot later contest the exemption, "whether or not [the debtor] had a colorable statutory basis for claiming it." *Id.* at 1648. *Taylor* is distinguishable from this case, because there the debtor made a broad (and unwarranted) exemption claim to which the trustee did not timely object. *Id.* at 1647 (Trustee did not object to claim exempting "proceeds from lawsuit" with "unknown" as its listed value, because he doubted that the lawsuit had any value.)

In addition, Mr. Kahan contends that *In re Reed* and *In re Hyman* ignore the requirement that courts liberally construe exemption statutes in favor of the bankruptcy debtor. We disagree. "We are mindful of the California authorities which admonish that 'the homestead statutes are to be construed liberally on behalf of the homesteader.'" *Anderson v. Redwood Empire Prod. Credit Ass'n (In re Anderson),* 824 F.2d 754, 759 (9th Cir.1987) (citations omitted). However, "liberal construction in favor of the debtor does not give us license to rewrite the [statutory language,]" *id.,* by allowing Mr. Kahan a homestead exemption greater than $45,-000.00, where the Trustee timely objected to Mr. Kahan's broad claim.

AFFIRMED.