52 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Morton REED, Debtor.
David SEROR, Trustee, Plaintiff-Appellee,
v.
Morton REED, Defendant-Appellant.
 No. 93-56460.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1995.*
Decided April 17, 1995.
 
 Before: McKAY,** REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Morton Reed appeals the district court's affirmance of a bankruptcy court order which denied Reed leave to amend his bankruptcy schedule B-4 for the purpose of claiming that the entire value of his joint tenancy interest in homestead property was exempt. We affirm.
 
 
 3
 1. In large part, Reed attempts to reargue the issues that were decided against him in his last appeal. See In re Reed, 940 F.2d 1317 (9th Cir.1991) (Reed I ). While he is at it, he, essentially, seeks to have us overturn a number of our other decisions. See In re Bernard, 40 F.3d 1028, 1030 n. 2 (9th Cir.1994), petition for cert. filed, 63 U.S.L.W. 3644 (U.S. Feb. 17, 1995) (No. 94-1403); In re Kahan, 28 F.3d 79, 83 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1100, 130 L.Ed.2d 1067 (1995); In re Hyman, 967 F.2d 1316, 1319 (9th Cir.1992). He adverts to Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), but that case is inapposite. It involved a failure to object to a claimed exemption within the proper time. Id. at ----, 112 S.Ct. at 1647-48. Here, as we said in Reed I, the exemption now sought by Reed was not claimed. 940 F.2d at 1321 & n. 3. We decline to revisit the issues.
 
 
 4
 2. Reed claims that the bankruptcy court erred when it refused to allow him to amend his schedule for the purpose of asserting a larger homestead exemption than he had already claimed.[1] No doubt amendments are liberally allowed when there is no showing of bad faith or prejudice. See Bankr.R. 1009(a); In re Magallanes, 96 B.R. 253, 255-56 (Bankr. 9th Cir.1988). However, the bankruptcy court did find bad faith and prejudice. We cannot say that it erred in so doing. When the issue first arose, Reed did not attempt to resolve it through proper bankruptcy court proceedings, which would have included a timely attempt to amend his schedule B-4. Instead, he ignored the admonitions of the bankruptcy court and resorted to self-help. In so doing he engaged in a number of manipulations and plunged the bankruptcy estate into lengthy litigation, which included the prior appeal to this court. Only after those years of litigation did Reed attempt to go back and seek an amendment. As we indicated in Reed I, had he proceeded properly in the first place, much time and trouble could have been saved. See 940 F.2d at 1321 n. 3. We find no error in the bankruptcy court's refusal to allow an amendment.
 
 
 5
 3. The trustee requests sanctions in this case. We are sorely tempted to agree because much of what Reed now argues has been foreclosed by our prior decisions. We have cited those in Part 1 of this disposition. Reed's counsel participated in all of them. Thus, it can surely be said that at least as to those issues, counsel "has brought his theory to court time after time and has been told that he is wrong." Roundtree v. United States, 40 F.3d 1036, 1040 (9th Cir.1994). Nevertheless, Reed's amendment argument was not as self-evidently wrong, and that argument is, after all, the reason for bringing this appeal in the first place. Thus, we decline to exercise our discretion to award sanctions. See Hyde & Drath v. Baker, 24 F.3d 1162, 1172-73 (9th Cir.1994).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. Monroe G. McKay, Senior United States Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 His assertion that he attempted a mere clarification rather than an amendment is meritless