69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 W. David WESTON, Plaintiff-Appellant, and
Yukio AYABE; Harold Masunaga; Resource Concepts, Inc.;
Telegraph Gold Corporation, Assignee of Claim of Dr. George
Pingree; DR. George Pingree; James F. Peters, Trustee of
Gnolaum Unitrust; Telegraph Gold Corporation, Plaintiffs,
v.
Ronald W. GOSS and Van Cott, Bagley, Cornwall and Mccarthy,
Defendants-Appellees.
W. David WESTON, Appellant,
v.
Herbert W. STOLTENBERG; Kenneth Caldwell; Elmer J. Davis;
Roger A. Mann; H.E. Moses; Robert A. Nickerson; Peter P.
Samarin; Edwin Stoltenberg; Patricia Stoltenberg; Chris
Waugh; Samuel Harmatz; Bernard Hodowski; Delford R.
Ashley; George Slater; Patricia Slater; Robert Doub; Sam
Hambarian; Lionel Ascher; A.C. Nejedly; R.E. Donahey, Appellees.
W. David WESTON, Appellant,
v.
Herbert W. STOLTENBERG; H.E. Moses; Edwin Stoltenberg;
Chris Waugh; Samuel Harmatz; B. Hodowski; Patricia
StoltenBerg; Delford R. Ashley; L. Ascher; Sam Hambarian;
A. Nejedly; G. Duncan; R. Mann; R. Nickerson, Appellees.
 Nos. 94-4140, 94-4204, 94-4254.
 United States Court of Appeals, Tenth Circuit.
 Oct. 26, 1995.
 
 ORDER AND JUDGMENT[1]
 Before KELLY, SETH, and HENRY, Circuit Judges.
 KELLY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 In appeal No 94-4204, W. David Weston seeks review of a judgment affirming the bankruptcy court's denial of discharge under 11 U.S.C. 727.[2] In appeal No. 94-4254, he challenges a judgment affirming the bankruptcy court's denial of a homestead exemption under 11 U.S.C. 522. In appeal No. 94-4140, he appeals from a summary judgment dismissing his action and from the imposition of sanctions under Fed.R.Civ.P. 11. We have jurisdiction pursuant to 28 U.S.C. 158(d) and 1291. We consolidate these appeals on our own motion. Fed. R.App. P. 3(b). We affirm appeal Nos. 94-4204 and 94-4254, and affirm in part, vacate in part in appeal No. 94-4140.[3]
 
 
 3
 We review the bankruptcy court's findings to determine whether they are clearly erroneous; however, legal determinations are subject to plenary review. Turney v. FDIC, 18 F.3d 865, 868 (10th Cir.1994).
 
 
 4
 In appeal No. 94-4204, appellant challenges the denial of discharge under 727(a)(2)(A) based on the finding that he, with intent to hinder, delay, or defraud creditors, within one year of the filing of his bankruptcy petition, transferred his property to Dr. Harold Masunaga. Appellant does not dispute that he transferred property within one year of the filing of his bankruptcy petition, but claims he did not do so with intent to hinder, delay, or defraud creditors.
 
 
 5
 Actual intent to defraud creditors is a prerequisite to denying discharge under 727(a)(2). Marine Midland Business Loans, Inc. v. Carey (In re Carey), 938 F.2d 1073, 1077 (10th Cir.1991). Such intent may be established by circumstantial evidence or inferences drawn from a course of conduct. Farmers Co-op. Ass'n v. Strunk, 671 F.2d 391, 395 (10th Cir.1982). We have carefully reviewed the record and conclude there is sufficient evidence to support the finding that appellant acted with intent to hinder, delay, or defraud creditors. See Carey, 938 F.2d at 1077 (listing indicia of fraud). Appellant's reliance on First Beverly Bank v. Adeeb (In re Adeeb), 787 F.2d 1339 (9th Cir.1986), is misplaced as he has pointed to no evidence showing he recovered substantially all of his transferred property before he filed his voluntary bankruptcy petition. See id. at 1345-46.
 
 
 6
 We have reviewed appellant's remaining contentions regarding the denial of discharge, and conclude the record supports the alternative grounds for such denial, 727(a)(3), (a)(4)(A), (a)(4)(D), (a)(5), and (a)(6)(A). We therefore affirm the judgment in appeal No. 94-4204.
 
 
 7
 In appeal No. 94-4254, the bankruptcy court denied appellant a homestead exemption pursuant to 11 U.S.C. 522(g)(1)(B) after according res judicata effect to its finding in the nondischargeability proceeding that appellant had concealed his interest in his residence. Appellant contends appellees waived their objection to his homestead exemption by not timely raising it. Bankruptcy R. 4003(b) provides that a creditor may object to the list of property claimed as exempt within thirty days after the meeting of creditors or the filing of any amendment to the list. "Unless a party in interest objects, the property claimed as exempt on [the] list is exempt," 11 U.S.C. 522(l ), regardless of the validity of the claimed exemption, Taylor v. Freeland & Kronz, 503 U.S. 638, 643-44 (1992).
 
 
 8
 Appellant's schedule B-4 listed property claimed as exempt, including a $250 leasehold interest. Appellees did not object to this exemption. However, appellant later filed a declaration of homestead exemption which, in effect, amended his list of property claimed as exempt. Appellees filed their objection within thirty days of the filing of this amendment. It therefore was timely. See Seror v. Kahan (In re Kahan), 28 F.3d 79, 81-82 (9th Cir.1994), cert. denied, 115 S.Ct. 1100 (1995).[4]
 
 
 9
 Appellant next contends the bankruptcy court erred in according res judicata effect to the finding in the nondischargeability proceeding that he concealed his residence. He argues that res judicata was improperly applied because the burden of proof in the nondischargeability proceeding is preponderance of the evidence, First National Bank v. Serafini (In re Serafini), 938 F.2d 1156, 1157 (10th Cir.1991), while the burden in the homestead exemption objection proceeding is the higher clear and convincing evidence standard.
 
 
 10
 The preponderance of the evidence standard applies "in civil actions between private litigants unless particularly important individual interests or rights are at stake." Grogan v. Garner, 498 U.S. 279, 286 (1991) (quotation omitted). Appellant contends the homestead exemption is such a particularly important individual interest or right. We disagree. The kinds of cases involving particularly important individual interests or rights, to which the clear and convincing standard has been applied, have included involuntary commitment proceedings, termination of parental rights, deportation, and denaturalization. Herman & MacLean v. Huddleston, 459 U.S. 375, 389 (1983); Haynes v. Manning, 917 F.2d 450, 452 (10th Cir.1990). In all of these cases, unlike here, "the government has taken coercive action against an individual." Id. (quotation omitted).
 
 
 11
 Appellant also argues that because fraud must be proven by clear and convincing evidence in Utah, concealment under 522(g)(1)(B) must be proven by clear and convincing evidence. Grogan, 498 U.S. at 288, rejected the contention that because most states required proof of fraud claims by clear and convincing evidence, Congress must have intended to adopt this standard for fraud discharge exceptions under 523. See Serafini, 938 F.2d at 1157 n. 2. Rather, it concluded that congressional silence on the applicable burden of proof was "inconsistent with the view that Congress intended to require a special, heightened standard of proof." Grogan, 498 U.S. at 286.
 
 
 12
 Congress was silent as to the applicable burden of proving concealment under 522(g)(1)(B). We conclude concealment need be proved only by a preponderance of the evidence. Consequently, the bankruptcy court was not precluded from according res judicata effect to its finding in its nondischargeability proceeding that appellant had concealed his residence, and we will not reexamine that finding. Because appellant concealed property that the trustee recovered, he is not entitled to a homestead exemption under either state or federal law. 522(g)(1)(B).
 
 
 13
 In appeal No. 94-4140, appellant and several of his business associates commenced a state court action against appellees Ronald Goss, counsel for certain creditors of appellant, and his former law firm, claiming Goss engaged in deceit and collusion to procure the election of John Maycock as trustee of appellant's bankruptcy estate. Specifically, they alleged that Goss misrepresented that his clients had unsecured claims of over $354,000 when, in fact, their claims had been reduced to less than twenty percent of allowable unsecured claims[5] as a result of an October 22, 1990 order allowing for the disbursement of security, and that they had already received over $54,000. The case was removed to federal district court, and that court granted appellees' motion for summary judgment and imposition of Rule 11 sanctions on appellant.
 
 
 14
 Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Universal Money Ctrs., Inc. v. AT & T, 22 F.3d 1527, 1529 (10th Cir.), cert. denied, 115 S.Ct. 655 (1994) (quotation omitted). We review the grant of summary judgment de novo, applying the same standard as the district court. Id.
 
 
 15
 We conclude summary judgment was appropriately granted on the basis of collateral estoppel. Under this doctrine, a claim is barred if 1) the issue previously decided is the same as the one present in the action under consideration, 2) the prior action was finally adjudicated on the merits, 3) the party against whom collateral estoppel is to be used was a party to or in privity with a party to the prior adjudication, and 4) the party against whom collateral estoppel is raised had a full and fair opportunity to litigate the issue in the prior action. Frandsen v. Westinghouse Corp., 46 F.3d 975, 978 (10th Cir.1995).
 
 
 16
 The contentions raised in the present lawsuit--that misrepresentations were made that Goss's clients were unsecured creditors, and that their debt was less than twenty percent of the total allowable unsecured claims required to vote for a trustee--were raised before the bankruptcy court on a motion to resolve the trustee election dispute. The bankruptcy court found that Goss's clients met the qualifications for being voting creditors and that the election was proper. Thus, the first element is present.
 
 
 17
 As to the second element, appellant does not contend that the bankruptcy court's disposition of the trustee election dispute was not a final adjudication on the merits. In fact, that was the position he took in Weston v. Mann, appeal Nos. 92-4188, 92-4193.
 
 
 18
 As to the third element, appellant was a party to both the trustee election dispute proceeding and the present proceeding. Finally, appellant had a full and fair opportunity to litigate the issue of Goss's clients' eligibility to elect a trustee.[6] We conclude that the bankruptcy court's determination of the trustee election dispute collaterally estopped appellant from relitigating the contentions raised in his deceit complaint.
 
 
 19
 Appellant also contends the district court erred in refusing to remand his action to state court. The action was removed pursuant to 28 U.S.C. 1452(a), which permits removal if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. 1334. Appellant contended in district court that that court did not have jurisdiction over the action pursuant to 1334(b) because the action neither arose in, nor was related to, a bankruptcy case. Although not stated, we presume the basis for the district court's decision denying the motion to remand was its rejection of appellant's contention that it lacked jurisdiction under 1334(b).
 
 
 20
 Appellees contend the refusal to remand is not reviewable under 1452(b), which provides that the court "may remand such claim or cause of action [removed under 1452(a) ] on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals." There is a split of authority as to whether 1452(b) precludes review only of remand orders decided on equitable rather than jurisdictional grounds, see Pacor, Inc. v. Higgins, 743 F.2d 984, 993 (3d Cir.1984), or of all remands or refusals to remand under 1452, including those decided on jurisdictional grounds, Sykes v. Texas Air Corp., 834 F.2d 488, 492 (5th Cir.1987). This circuit has not yet spoken on the subject. In any event, we always have the ability to determine whether federal jurisdiction was lacking. Id. at 492 n. 16.
 
 
 21
 Section 1334(b) provides district courts with jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The test for determining whether a civil case is "related to" a bankruptcy case is
 
 
 22
 whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate.
 
 
 23
 Gardner v. United States (In re Gardner), 913 F.2d 1515, 1518 (10th Cir.1990)(quotation and citations omitted). The outcome of appellant's deceit claim could "conceivably" alter his rights, liabilities, or freedom of action in some way which would impact on the handling and administration of his bankruptcy estate. The district court had jurisdiction under 1334(b).
 
 
 24
 Finally, appellant challenges the district court's imposition of Rule 11 sanctions on him for causing the complaint to be filed. The complaint was filed in state court, then removed to federal court. However, "a pleading signed in a state court proceeding cannot be signed in violation of Rule 11, and a federal court may not impose Rule 11 sanctions against a signer of a paper filed in state court based solely on that paper's frivolousness." Griffen v. City of Oklahoma City, 3 F.3d 336, 339 (10th Cir.1993). The removal of the case to federal court does not change this result as Rule 11 only applies after removal, and a violation of the rule is complete when the paper is filed. Id. "[N]o sanctions can be imposed under Rule 11 in an action that is removed to federal court, unless a party files sanctionable papers in federal court." Id. at 340. Appellees did not request sanctions for the filing of any paper other than the complaint.
 
 
 25
 Appellant did not raise Griffen. Nevertheless, this court may "sua sponte, raise a dispositive issue of law when the proper resolution is beyond doubt and the failure to address the issue would result in a miscarriage of justice." Counts v. Kissack Water & Oil Serv., Inc., 986 F.2d 1322, 1325-26 (10th Cir.1993).
 
 
 26
 While the December 1, 1993 amendment to Rule 11 arguably could produce a different result, we conclude the old version of the rule should apply because both the state court complaint and motion for sanctions were filed before the amendment went into effect. See Land v. Chicago Truck Drivers, Helpers & Warehouse Workers Union (Independent) Health & Welfare Fund, 25 F.3d 509, 516 (7th Cir.1994)(version of Rule 11 in effect when plaintiff filed complaint and opposing party moved for sanctions should control because "both parties presumably were operating under the standards and procedures propounded in that rule"). We raise Griffen sua sponte, as resolution of the issue is beyond doubt and failure to address it would subject appellant to sanctions the district court had no legal power to impose.[7] We vacate the imposition of Rule 11 sanctions.
 
 
 27
 The motion to strike appellant's supplemental authority is GRANTED. The judgments of the United States District Court for the District of Utah in appeal Nos. 94-4204 and 94-4254 are AFFIRMED. The judgment in appeal No. 94-4140 is AFFIRMED in part, but the imposition of Rule 11 sanctions is VACATED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We grant appellant leave to proceed in forma pauperis in appeal No. 94-4204
 
 
 [3]
 We have disregarded those portions of appellant's appendix in appeal No. 94-4204 that are referred to at pp. 5-6 of appellees' brief filed in that appeal, and those portions of appellant's appendix in appeal No. 94-4254 referred to at p. 5 of appellees' brief in that appeal. Appellant has not satisfactorily responded to appellees' contention that the disregarded materials are not properly part of the record on appeal
 
 
 [4]
 Even if the bankruptcy court were required to allow the leasehold interest exemption because appellees did not object to it, appellant would be entitled only to the $250 exemption that he claimed, not the $13,000 homestead exemption he later claimed and to which appellees timely objected. See Kahan, 28 F.3d at 82 n. 4
 
 
 [5]
 11 U.S.C. 702(b) provides that only creditors holding at least twenty percent of allowable unsecured claims may vote for a trustee
 
 
 [6]
 We do not consider appellant's arguments, raised for the first time in his reply brief, that collateral estoppel cannot be applied because his deceit action presents newly discovered evidence, or because he had a right to a jury trial in his deceit action but not in the trustee election dispute. See Headrick v. Rockwell Int'l Corp., 24 F.3d 1272, 1277-78 (10th Cir.1994)
 
 
 [7]
 While Griffen permits a federal court to impose sanctions under state counterparts to Rule 11, 3 F.3d at 341, appellees did not request sanctions under state law