

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STUART A. GROSS,<br><br>  Petitioner - Appellant,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>  Respondent - Appellee. | No. 12-72279<br><br>Tax Ct. No. 26902-07<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted February 14, 2014[**]
San Francisco, California

Before: CALLAHAN and M. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[***]

Appellant Stuart A. Gross appeals from a decision of the tax court, holding

that Appellant's interest in an ERISA-qualified pension plan is subject to levy by

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

the IRS. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

On October 16, 2005, Appellant filed a petition under Chapter 7 of the Bankruptcy Code. Appellant listed his interest in an ERISA-qualified pension plan on Schedule B of his bankruptcy petition and explained: "This is an ERISA Qualified Pension Plan which is not property of the estate but in an abundance of caution has been listed herein and exempted." Appellant also listed the ERISA plan on Schedule C, again explaining: "This is an ERISA Qualified Pension Plan which is not property of the estate but in an abundance of caution has been listed herein and exempted."

At the time of Appellant's bankruptcy petition, he owed federal income taxes totaling $270,041.15. When a person owes tax liabilities, a lien automatically attaches to the taxpayer's property in favor of the IRS, under I.R.C. § 6321. The IRS need not release a valid tax lien when the underlying tax debt is discharged in bankruptcy. *Isom v. United States* (*In re Isom*), 901 F.2d 744, 745 (9th Cir. 1990). Nonetheless, with regard to assets that are part of the bankruptcy estate but *exempt* from the bankruptcy proceedings, the Bankruptcy Code provides that such property "is not liable during or after the case for any debt of the debtor that arose . . . before

2

the commencement of the case, except [*inter alia*] . . . [a debt secured by] a tax lien, notice of which is properly filed [under I.R.C. § 6323].” 11 U.S.C. § 522(c). Unlike liens on *exempt* assets, liens on prepetition assets that are not included in the bankruptcy estate (i.e., excluded property) are not affected by the bankruptcy proceeding. *Rains v. Flinn* (*In re Rains*), 428 F.3d 893, 905–06 (9th Cir. 2005).

The IRS maintains a valid lien on Appellant’s interest in his ERISA-qualified pension plan. In *Patterson v. Shumate*, 504 U.S. 753, 759–60 (1992), the Supreme Court held that an ERISA plan is properly excluded from a bankruptcy estate under 11 U.S.C. § 541(c)(2). And, here, Gross’ Chapter 7 schedules explicitly state that his ERISA plan is not part of the estate. Although the schedules go on to suggest that the ERISA plan might be “exempted,” any ambiguity in a bankruptcy schedule is construed against the debtor. *Seror v. Kahan* (*In re Kahan*), 28 F.3d 79, 82 (9th Cir. 1994) (citing *Hyman v. Plotkin* (*In re Hyman*), 967 F.2d 1316, 1319 (9th Cir. 1992)). Because Gross’ ERISA plan was not part of Gross’ Chapter 7 estate, the bankruptcy proceedings did not affect the IRS’ Section 6321 lien. Accordingly, the tax court properly determined that the Section 6321 lien remains attached to Gross’ interest in the ERISA plan, and the IRS may levy this asset.

**AFFIRMED.**

3