672 F.2d 831
 6 Collier Bankr.Cas.2d 306, 9 Bankr.Ct.Dec. 174,
Bankr. L. Rep. P 68,649
 In the Matter of Elizabeth Ann DOAN, f/k/a Elizabeth Ann
Curtiss, and Robert
Eugene Doan, Sr., Bankrupts. Elizabeth Ann DOAN, f/k/a
Elizabeth Ann Curtiss, and Robert Eugene Doan,
Sr., Plaintiffs-Appellants,
v.
Gary A. HUDGINS, Trustee, Defendant-Appellee.
 No. 81-7579.
 United States Court of Appeals,
Eleventh Circuit.
 April 5, 1982.
 
 A. Hollis Geer, Legal Services Corp. of Ala., Mobile, Ala., for plaintiffs-appellants.
 Gary A. Hudgins, Mobile, Ala., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before MERRITT*, JOHNSON and HENDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert and Elizabeth Doan filed a joint petition for bankruptcy in November 1979. The petition stated that the Doans expected a tax refund for 1979 but did not list the refund on the schedule of property of the estate or claim the refund as an exemption from the assets available for liquidation. The Doans again mentioned the expected refund at a December 1979 meeting of creditors. They became eligible for a $767 refund early in 1980. At one point the Doans' attorney asked the trustee if the refund was being held up and was informed that the trustee had not put a lien on the refund.
 
 
 2
 Although the Internal Revenue Service generally sends a bankrupt's refund to the bankruptcy trustee, in this case it was mailed to the Doans themselves in April 1980. On advice of counsel, they spent the money. Wondering why he had not received the refund, the trustee made inquiries and was told by the Doans of what had transpired. In September 1980 the Doans moved to amend the schedules to list the refund as property of the estate and to claim it as exempt property.
 
 
 3
 The bankruptcy judge denied the motion to amend to claim the additional exemption and implicitly allowed an amendment to add the refund to the assets of the estate. The district court affirmed after modifying the decision to include in the schedule of assets only the pro rata portion of the refund allowable to the part of 1979 before the bankruptcy petition was filed. The Doans appeal the inclusion of this portion of the refund in the estate without also allowing the claim of exemption.
 
 
 4
 We first consider the Doans' contention that their 1979 tax refund is not property of their estate. Section 541 of the Bankruptcy Code, 11 U.S.C.A. § 541, defines the estate quite broadly as including "all legal or equitable interests of the debtor in property as of the commencement of the case." The Doans argue that practical difficulties should cause us to hold that this language, broad though it is, should not include the refund. They note that because the amount of the refund does not become fixed until the end of the tax year-after filing in this instance-the disposition of a case could be held up for many months until the amount of the refund finally is resolved.
 
 
 5
 Supreme Court precedent makes clear, however, that this argument does not limit the broad sweep of Section 541. In Segal v. Rochelle, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), the debtor received a "loss carryback" refund for losses suffered during the tax year in which the bankruptcy case was filed. The Court held that this refund was property of the estate even though the amount of the refund did not become fixed until the end of the tax year, after the date of filing. The Court rejected arguments that discharge of the debtor would be delayed unduly, noting that the expectancy of the refund could be sold or liquidated or that, if the delay was too inconvenient given the expected amount of the refund, the trustee could opt to proceed without the refund. Segal was decided under the old Bankruptcy Act rather than the Code; the legislative history of the Code, however, makes clear that Segal retains its vitality and also that the applicability of the holding is not limited to loss carrybacks. "The result of Segal v. Rochelle, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), is followed, and the right to a refund is property of the estate." S.Rep. No. 989, 95th Cong., 2d Sess. 82 (footnote omitted), reprinted in (1978) U.S.Code Cong. & Ad.News 5787, 5868; H.R. Rep. No. 595, 95th Cong., 2d Sess. 367 (footnote omitted), reprinted in (1978) U.S.Code Cong. & Ad.News 5963, 6323, U.S.Code Cong. & Ad.News 1978, pp. 5787, 5868, 6323.
 
 
 6
 We turn next to whether the lower court had discretion to deny the Doans' amendment to claim their refund as an exemption. Bankruptcy Rule 110 states that "(a) voluntary petition, schedule or statement of affairs may be amended as a matter of course at any time before the case is closed." The Third Circuit has held that this rule denies the courts discretion to deny leave to amend or to require a showing of good cause. In re Gershenbaum, 598 F.2d 779, 781-82 (1979). See also In re Burgess, 1 B.R. 421, 423-24 (Bkrtcy.M.D.Tenn.1979). We agree with this holding, with the limited caveat that a court might deny leave to amend on a showing of a debtor's bad faith or of prejudice to creditors. Applying this reading of Rule 110, we rule that the amendment should have been allowed. As we discuss below, we find no bad faith. The lower court cited prejudice to creditors as a reason for denying leave to amend. We find no evidence of prejudice on the record. Simple delay in filing an amendment where, as here, the case is not closed does not alone prejudice creditors. Nor does prejudice to creditors occur merely because a claimed exemption, if held timely, would be granted.[1]
 
 
 7
 Finally, we address the bankruptcy court's conclusion that the Doans' claim to an exemption should be denied because they concealed the asset, their refund, that they now seek to exempt. We agree that concealment of an asset will bar exemption of that asset. See Stewart v. Ganey, 116 F.2d 1010 (5th Cir. 1941); 3 L.King (ed.), Collier on Bankruptcy P 522.08 (1981). On the facts of this case, however, we find the court's conclusion that the Doans intentionally or fraudulently attempted to conceal their tax refund to be clearly erroneous. They disclosed the expected refund in their initial filing. Their attorney discussed the refund with the trustee and asked if a lien had been placed on it. Only on their attorney's advice, based on his reading of the law, did they spend the money. When the trustee inquired about the refund, they readily submitted all information to him. Their sole default lay in not informing the trustee immediately after receiving the refund. Although that action should not serve as a model for a petitioner in bankruptcy to follow, it does not show intentional or fraudulent concealment, or even bad faith.
 
 
 8
 The order of the district court is REVERSED and the case is REMANDED with instructions to grant appellants' motion to amend to claim the exemption of their tax refund from the property of the debtors' estate.
 
 
 
 *
 Honorable Gilbert S. Merritt, U. S. Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 [1]
 Rule 110 merely allows a claim to be made. Under Rule 403 the trustee then considers whether he should allow the claim. See In re Burgess, 1 B.R. 421, 424 (Bankr.M.D.Tenn.1979). The trustee does not contest that the claim, if permitted, should be granted