**In re Jutta M. TAPLEY, Debtor.**

**Bankruptcy No. 85–02862–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Sept. 24, 1986.

Jutta M. Tapley, Boca Raton, Fla., for debtor.

Bennett Bovarnick, Boca Raton, Fla., General Vending Services, Inc., c/o Herbert H. Rolnick, P.A., Ft. Lauderdale, Fla., Daniel L. Bakst, Trustee.

Leslie Gern Cloyd, Ackerman, Bakst, et al., P.A., West Palm Beach, Fla., for trustee.

## ORDER AUTHORIZING AMENDMENT TO ADD ADDITIONAL CREDITOR

THOMAS C. BRITTON, Chief Judge.

This voluntary chapter 7 petition was filed on December 2, 1985. The trustee filed a Report of No Distribution (C.P. No. 18) on April 17, 1986. The claims' bar date was April 9. The debtor was granted a discharge on April 1. The debtor has moved (C.P. No. 21) for leave to add a creditor, General Vending Service, Inc., to the scheduled list of creditors. The caption and content of the debtor's "motion to reopen case" assumed that this case had been closed. It is still an open case. The motion was heard on September 2.

The debtor is a co-obligor on a note to this creditor and inadvertently omitted the

debt from the original schedules due to a mistaken understanding that the note was being paid by the co-maker.

The question of when an amendment is allowed for this purpose has been decided differently by various bankruptcy and appellate courts.

The reasoning in *In re Laczko,* 37 B.R. 676 (Bankr. 9th Cir.1984) that the debtor forfeits a right to discharge debts added after the claims' bar date is not persuasive in light of the decision in this circuit in *Matter of Doan,* 672 F.2d 831, 833 (11th Cir.1982) where it is stated that:

> a court might deny leave to amend on a showing of a debtor's bad faith or of prejudice to creditors.

Although *Matter of Doan, supra,* was decided on a different set of facts, I am guided by the principle implied in *Doan* and followed by other courts of allowing permissive amendment in accordance with B.R. 1009. *See Matter of Brown,* 56 B.R. 954 (Bankr.E.D.Mich.1986).

The debtor has not shown bad faith in omitting this creditor. Prejudice may be avoided by the extension of time for this creditor to file a claim (even though this is a no-asset case) and a complaint under §§ 727 or 523 in accordance with B.R. 9006(b)(1).

The motion is granted for the purpose of allowing the debtor to add this creditor, subject to the debtor's compliance with the requirements of B.R. 1009 not later than October 3. That is to say, the debtor shall file an amendment to the appropriate schedules to reflect the name, address, amount and character of the claim of this creditor. The amendment shall be filed in the same number as required of the original paper. The debtor shall pay any costs imposed by the Clerk. The Clerk shall give notice of the amendment to the creditor added by the amendment.

The time for this creditor to file a claim and the time for this creditor to file an adversary proceeding to oppose discharge or to seek exception from discharge is extended to and including November 24, 1986. Under the present circumstances, this cred-itor is entitled to be heard on each of the foregoing matters, if the appropriate pleadings are filed as above provided, notwithstanding the fact that the time for such pleadings has long since expired and a discharge has already been entered for the debtor. If appropriate, the discharge may be revoked under § 727(d).

If this creditor locates any property of the debtor which was not administered by the trustee, the trustee still serving in this case shall recover and administer such assets.