**In re Michael J. FOURNIER, Ann F. Fournier, Debtors.**

**Bankruptcy No. 2–93–02288.**

United States Bankruptcy Court, D. Connecticut.

June 23, 1994.

Ronald I. Chorches, Chorches & Novak, P.C., Wethersfield, CT, for trustee.

Joel M. Grafstein, Grafstein and Associates, Farmington, CT, for debtors.

*RULING AND ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED EXEMPTIONS*

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

### *ISSUE*

The issue to be determined by this ruling is whether a Chapter 7 debtor's exemption of the proceeds from an originally unscheduled prepetition personal injury claim should be allowed when, after the trustee has liquidated the claim, the debtor first amended his exemptions to list such claim. The parties have submitted the matter by way of a stipulation of facts and memoranda.

## II.

### *BACKGROUND*

Michael J. Fournier, the debtor, commenced a joint Chapter 7 case with his spouse (together, the debtors) on June 9, 1993. At the time of the filing, the debtor

was a plaintiff in a state-court civil action for personal injuries sustained in an automobile accident. The debtor failed to list this claim either as an unliquidated claim on Schedule B—Personal Property or in Schedule C—Property Claimed as Exempt. The debtor first disclosed the existence of the claim during questioning by Anthony S. Novak, Esq., the trustee, at the first meeting of creditors held July 15, 1993.

Following the meeting of creditors, the trustee spoke with the debtor's personal-injury attorney, Andrew W. Bray, Esq., (Bray), who estimated that the claim had a value of between $15,000 to $20,000. The trustee later sought and received court permission to retain Bray to represent the trustee in the action. On January 13, 1994, the court approved a compromise of the claim for $18,500.

After the court approved the compromise of the claim, the debtor retained new counsel who, on February 22, 1994, filed the debtor's amendment to Schedules B and C listing the claim as an asset and exempting the asset in its entirety from property of the estate, pursuant to Code § 522(d)(5), (11)(D), and (11)(E).[1] The debtor also moved on the same date for payment of the proceeds of the newly exempted asset. The trustee timely objected to the debtor's amended exemption on March 8, 1994.[2] The trustee argues for disallowance of the debtor's amended exemption of the proceeds from the personal injury action because the amendment came only after the trustee relied to his detriment on the debtor's initial exemption schedule in deciding to undertake liquidation of the claim.

## III.

### DISCUSSION

#### A.

▮ Fed.R.Bankr.P. 1009(a) permits liberal amendment, *inter alia*, of exemption schedules by providing that "[a] voluntary

petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." Fed. R.Bankr.P. 1009(a). Under Rule 1009(a), accordingly, "[a] debtor does not need court permission to amend any of his schedules so long as the case is still open." *In re Andermahr*, 30 B.R. 532, 534 (9th Cir. BAP 1983). The right to amend, of course, "is not the same as the right to the exemption." *Id.* The general rule is to allow amended exemption claims, "absent bad faith, concealment of property, or prejudice to creditors." *In re Williamson*, 804 F.2d 1355, 1358 (5th Cir. 1986); *see also In re Hall*, 1 F.3d 853, 854 (9th Cir.1993); *In re Yonikus*, 996 F.2d 866, 872 (7th Cir.1993); *In re Calder*, 973 F.2d 862, 867 (10th Cir.1992); *Lucius v. McLemore*, 741 F.2d 125, 127 (6th Cir.1984); *Tignor v. Parkinson*, 729 F.2d 977, 979 (4th Cir.1984); *In re Doan*, 672 F.2d 831, 833 (11th Cir.1982).

▮ The trustee does not assert that the debtors acted in bad faith or concealed property. Instead, the trustee urges that the court adopt a standard disallowing amended exemptions once "a trustee has relied to his detriment on the Debtor's original choice of exemptions." Trustee's Brief at 3. The trustee contends that he so relied to his detriment when he undertook the liquidation of the pending personal injury claim, and if the amended exemption is allowed, creditors will receive nothing. Alternatively, the trustee requests that he be reimbursed for his fees and expenses in liquidating the claim on behalf of the estate.

The court declines to adopt the trustee's principal proposition that the debtor's right to exempt the personal injury claim terminated when the trustee acted to liquidate the claim. The cases cited by the trustee do not support his position that an amended exemption may be disallowed solely on the ground that the trustee relied upon an original exemption schedule in administering the es-

---

**1.** Section 522(d)(5) permits an exemption of $400 plus up to $3,750 of unused homestead exemption; § 522(d)(11)(D) allows exemption not to exceed $7,500 for personal bodily injury and § 522(d)(11)(E) allows exemption for loss of future earnings.

**2.** Fed.R.Bankr.P. 4003(b) provides, in pertinent part:

The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the ... filing of any amendment to the list ... unless, within such period, further time is granted by the court. Fed.R.Bankr.P. 4003(b).

tate.[3] The court finds no reason in this case to deviate from the generally followed rule that prejudice to creditors or other interested parties does not include a simple delay in filing an exemption claim. *In re Doan,* 672 F.2d at 833 ("Simple delay in filing an amendment where ... the case is not closed does not alone prejudice creditors.").

No prejudice to creditors can be found here where the notice of commencement of case mailed to creditors stated that this was a no-asset case, the trustee learned early in the case at the first meeting of creditors of the existence of the pending personal-injury action, and the proceeds from compromise of the claim had not been distributed to creditors before the debtor amended his exemption schedule. *See, e.g., In re Sheridan,* 38 B.R. 52, 54 (Bankr.D.Vt.1983) (finding, in a case where the debtor had amended his exemptions to include funds in a checking account which had been turned over to the trustee, that there could be no prejudice to creditors by the debtor's exemption when the case was noticed to creditors as a no-asset case and the creditors had no reasonable expectation of a distribution in the case); *In re Harris,* 101 B.R. 210, 213 (Bankr.E.D.Cal. 1989) (finding no prejudice to any interested party other than the trustee where the trustee learned early in the case, upon disclosure by the debtors at the first meeting of creditors, of the existence of non-listed and non-exempted estate property); *In re Myatt,* 101 B.R. 197, 201 (Bankr.E.D.Cal.1989) (holding that prejudice to creditors does not necessarily result when exemptions are amended after assets have come into trustee's control and possession but before any distribution to creditors is made).

The trustee does not assert that the failure to list the action was intentional. *Compare*

*In re Yonikus,* 996 F.2d at 873–74 (finding that debtor's failure to list a workers' compensation claim in his schedules was evidence of his intentional concealment of the asset), *and Payne v. Wood,* 775 F.2d 202, 205 (7th Cir.1985) (same), *cert. denied,* 475 U.S. 1085, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986), *with Kobaly v. Slone (In re Kobaly),* 142 B.R. 743, 749 (Bankr.W.D.Pa.1992) (debtor's disclosure at meeting of creditors of existence of eminent domain proceeding negated any allegation that debtor attempted to conceal asset by not disclosing its existence in his petition).

■ While the court declines to adopt the standard proposed by the trustee that debtors be allowed their amended exemptions only up to the date after which a trustee takes action to collect such exemption, the court recognizes the harm that trustees may suffer when they administer assets of the estate based upon the debtor's filed schedules:

> "There is great unfairness in having a trustee diligently take charge of assets not claimed as exempt and reduce the asset to cash, expending considerable time, effort and expense in the process. Then, when the case would be otherwise distributed to the creditors, the debtor seeks to amend his exemptions to claim the benefits of the trustee's work, without bearing the burden of the trustee's efforts."

*In re Blaise,* 116 B.R. 398, 401 (Bankr.D.Vt. 1990) (quoting *In re Selman,* 7 B.R. 889, 890 (Bankr.D.N.M.1980)).

■ A Chapter 7 trustee's primary role is to maximize any available distribution to unsecured creditors, and the distribution scheme contemplated by the Code "encourages trustees to act diligently and expedi-

3. *In re Eldridge,* 15 B.R. 594, 595 (Bankr. S.D.N.Y.1981), disallowed an amendment exempting debtor's real property because the trustee had previously contracted with a prospective purchaser for sale of the property. *In re Brewer,* 17 B.R. 186, 188 (Bankr.M.D.Tenn.), aff'd, 22 B.R. 983 (M.D.Tenn.1982), held that debtors may amend their exemptions only in "situations where additional assets are discovered after the schedules are originally filed," and was overruled by *Lucius v. McLemore,* 741 F.2d at 127, which held that an identical version of old Bankruptcy Rule 110 allowed "amendment at any time before the case is closed and den[ied] courts

discretion to reject amendments...." *In re Cobb,* 3 B.R. 150, 151 (Bankr.N.D.Cal.1980), similarly held that a debtor may not amend exemptions after a previous declaration of exemptions "becomes final by not being amended or objected to for 15 days or, if there is an objection, when the order eventually becomes final," and also has been overruled by *In re Andermahr,* 30 B.R. at 533 (adopting rule established by *In re Doan* "that an exemption should be allowed no matter when it is claimed absent a showing of bad faith by the debtor or prejudice to creditors"), *accord, In re Hall,* 1 F.3d at 854.

tiously" in liquidating and distributing all interests of the estate in property not claimed exempt by the debtor. *In re Eldridge,* 15 B.R. at 595. The court is therefore in agreement with rulings holding that in appropriate cases a trustee's efforts to collect property thereafter exempted should be compensated. *See, e.g., In re Harris,* 101 B.R. at 213, 216 (stating that diligent trustees should not go unrewarded and conditioning allowance of debtor's amended exemption upon trustee being compensated by debtor for reasonable fees and expenses); *In re Blaise,* 116 B.R. at 402; *In re Myatt,* 101 B.R. at 201; *In re Drake,* 39 B.R. 75, 77 (Bankr.E.D.N.Y.1984); *In re Stewart,* 11 B.R. 447, 448 (Bankr.N.D.Ga.1981); *In re Boyer,* 7 B.R. 930, 932 (Bankr.D.Idaho 1981).

### B.

The trustee does not otherwise question the propriety of the debtor's exemption of the net proceeds of the personal injury action. The exemption will be allowed, subject to submission by the trustee of his application for reasonable compensation and expenses for his efforts in liquidating the debtor's personal injury action. Any such sum shall be deducted from the net proceeds. It is

SO ORDERED.