In re Ernest Ray LAFANETTE, Debtor.

In re Virginia Ann YANCY, Debtor.

Bankruptcy Nos. 94–20617, 95–51010.

United States Bankruptcy Court,
W.D. Louisiana,
Lake Charles and Lafayette–
Opelousas Divisions.

Oct. 18, 1996.

Keith A. Rodriguez, Chapter 13 trustee.

Thomas Thompson, Assistant United States Attorney, Lafayette, LA, for Internal Revenue.

Cynthia Guillory, Assistant District Attorney, Charles Lyman, Lake Charles, LA, for Ernest Ray Lafanette.

Donald Fuselier, New Iberia, LA, for Virginia Ann Yancy.

## REASONS FOR DECISION

GERALD H. SCHIFF, Bankruptcy Judge.

The referenced cases involve the same parties and identical issues of law and fact. Although the matters were not consolidated, the issuance of only one written opinion is appropriate.

Ernest Ray Lafanette ("Lafanette") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on November 8, 1994, and on that day an order for relief was duly entered. In the chapter 13 plan, which was confirmed on January 19, 1995, Lafanette pledged his income tax refunds for 1994 through 1996 as additional plan payments.

In April, 1996, the Internal Revenue Service ("IRS") applied Lafanette's 1995 refund to "another governmental agency", turning the funds over to the Bureau of Child Support Enforcement Offset Coordinator, Lake Charles, Louisiana.

Virginia Ann Yancy ("Yancy") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on August 23, 1995, and on that day an order for relief was duly entered. Yancy's chapter 13 plan, which was confirmed on December 4, 1995, included a pledge of her income tax refunds for 1995 through 1997 as additional plan payments. In May, 1996, the IRS applied Yancy's 1995 refund to "another governmental agency", turning the funds over to the U.S. Department of Education, through an apparent collection agency, Unger & Associates, Inc., Westmont, Illinois.

In each case, Keith A. Rodriguez ("Trustee"), the standing chapter 13 trustee, filed a Motion for Contempt (" Contempt Motion") against the IRS, alleging the action of the IRS constituted a violation of section 362(a) of the Bankruptcy Code. The IRS responded to each Motion, and, in addition, filed in each case a separate Motion to Dismiss Contested Matter ("IRS Motion") alleging the Contempt Motion failed to state a claim upon which relief could be granted, and for not complying with the requirements of Rule 7001, Federal Rules of Bankruptcy Procedure ("FRBP").

The matters came before the court for hearings on October 2 (Yancy) and 3 (Lafanette), 1996. After hearing arguments from both the trustee and counsel for the IRS, in each instance the court issued oral reasons and denied the IRS Motions; the Contempt Motions were taken under advisement.

The court has jurisdiction over each proceeding pursuant to the provisions of 28 U.S.C. Section 1334(a). Each case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 22.01 of the Local Rules of the United States District court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that these are core proceedings pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the court's findings of fact and conclusions of law pursuant to Rule 7052, FRBP.

Pursuant to section 362(a)(3), the filing of a bankruptcy petition—

operates as a stay, applicable to all entities, of—

\*     \*     \*     \*     \*     \*

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

■ The stay under section 362(a) is deemed "automatic," in that it takes effect immediately upon the filing of the bankruptcy petition, without the necessity of any notice whatsoever——the filing of the petition is notice to the world. 2 Collier on Bankruptcy, 15th Ed., ¶ 362.03.

Section 362(h) provides that the court may award actual damages, including costs and attorneys' fees, against an individual injured by a willful violation of the stay. In appropriate cases, punitive damages may also be awarded.

■ The court finds that in each case (1) the income tax refund constituted property of the estate within the meaning of sections 541 and 1306 of the Bankruptcy Code, *Doan v. Hudgins (In re Doan)* 672 F.2d 831 (11th Cir.1982), and (2) the IRS violated the automatic stay inasmuch as diverting the tax refunds clearly was an act to "exercise control over property of the estate."

■ The difficult issue, however, is whether a case has been made by the Trustee for the imposition of damages pursuant to section 362(h). The jurisprudence is clear, however, that a party violating the automatic stay will only be held in contempt and penalized for its actions if the actions were "willful," *i.e.* committed intentionally or deliberately, with knowledge of the bankruptcy petition. See, e.g., *In re Hill,* 156 B.R. 998, 1005 (Bkrtcy.N.D.Ill.1993).

■ The Trustee concedes that the IRS was not a creditor of either Yancy or Lafan-

ette, was not listed in the schedules filed in either case, and consequently did not receive official notice of the filing of either bankruptcy petition. There is no allegation that the IRS otherwise had actual notice of either bankruptcy. Considering these circumstances, the actions of the IRS in exercising control over the tax refunds was not a willful violation of the automatic stay. The IRS was merely following the law of the land in diverting the refunds to the other agencies, IRC Code, § 6402(c) and (d), without knowledge of the bankruptcy filings.

For these reasons, therefore, the court will neither find the IRS in contempt nor award any monetary damages to the Trustee for the technical violation of the automatic stay by the IRS.

Counsel for the IRS shall prepare separate orders in conformity with the foregoing reasons and submit such orders to the Clerk of the Bankruptcy Court for signature.