**In re Debra Renee HARDY, Debtor.**

**Bankruptcy No. 99–30038.**

United States Bankruptcy Court,
W.D. Missouri,
Southern Division.

May 25, 1999.

Robert M. Sweere, Springfield, MO, for debtor.

### *MEMORANDUM OPINION AND ORDER*

JERRY VENTERS, Bankruptcy Judge.

This matter comes before the Court on the Trustee's Objection to Exemptions filed on April 22, 1999. The Debtor, Debra Renee Hardy, filed for protection under chapter 7 of the Bankruptcy Code on January 19, 1999. On her original schedules, the Debtor claimed an exemption for $1,350.00 pursuant to § 513.440 V.A.M.S. and $360.00 pursuant to § 513.430(3) V.A.M.S. These exemptions were to be taken in the Debtor's non-residential real property,[1] which has a stated value of $36,-600.00 and is encumbered by a $30,000.00 lien held by Beneficial National Bank. At the § 341 meeting, held on March 17, 1999, the Trustee determined that the Debtor was entitled to a tax refund. Subsequently, on April 9, 1999, the Debtor amended her schedules to provide that the above-mentioned exemptions would be taken in her federal and state income tax refund (totaling $2,536.11), rather than in her real property. The Trustee objects to the Debtor's claims of exemption in the tax refund.

For the reasons stated herein, the Court will deny the Trustee's Objection to Exemption.

### DISCUSSION

Absent a showing of bad faith or prejudice to the creditors, a Debtor may amend the list of property claimed as exempt "as a matter of course at any time before the case is closed." Fed. R.Bankr.P. 1009(a); *Doan v. Hudgins (In re Doan)*, 672 F.2d 831, 833 (11th Cir. 1982); *Seror v. Kahan (In re Kahan)*, 28 F.3d 79, 81 (9th Cir.1994). Bad faith is generally determined from the totality of the circumstances, *In re Alesia*, 28 B.R. 46, 51 (Bankr.N.D.Ill.1982) (decided under former Bankruptcy Rules 110 and 403), and prejudice to creditors must involve something more than just the fact that the exemption may ultimately be granted. *Doan*, 672 F.2d at 833. *See also, Stinson v. Williamson*, 804 F.2d 1355, 1358 (5th Cir.1986) (stating that prejudice may be

---

1. The real property appears to be a lake lot. Since the Debtor does not reside on that property, she cannot claim the $8,000.00 homestead exemption provided in § 513.475 V.A.M.S.

found upon a showing of harm to the creditor's litigating posture resulting from a detrimental reliance on the debtor's initial position); *In re Alesia*, 28 B.R. at 51 (finding prejudice where creditor had expended legal fees in objecting to *original* exemption); 4 COLLIER ON BANKRUPTCY (15th ed.) § 522.05[2][c] (1998) (explaining how the 1983 amendment to the Bankruptcy Rules providing a 30–day period for objections to amended exemptions "eliminates any prejudice resulting from the amendment of exemption claims . . .").

In this case, although the Trustee's Objection is timely under Rule 4003(b), Fed.R.Bankr.P., *First National Bank of St. Peter v. Peterson* (*In re Peterson*), 929 F.2d 385, 387 (8th Cir.1991), he has not made any showing of bad faith or prejudice sufficient to support a denial of the Debtor's amended exemptions. The Trustee appears to base his objection on the possibility that the exemption will diminish the estate or make it more difficult for him to liquidate the nonexempt assets. As the cases cited above indicate, however, this is insufficient to deny a Debtor's amendment of exemptions. Obviously, *all* exemptions, if granted, result in some reduction of the estate available to pay creditors, but that is not the type or degree of prejudice that is required to deny a timely claim of exemption.

For the reasons stated herein, it is

**ORDERED** that the Trustee's Objection to Exemptions is denied.

SO ORDERED.