**In re Doris Christine ANZALONE, Debtor.**

No. 04–73113.

United States Bankruptcy Court, C.D. Illinois.

Oct. 28, 2004.

Mariann Pogge, Springfield, IL, trustee.

James A. Pappas, Springfield, IL, for Debtor.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

This proceeding is before the Court on the Objection of Mariann Pogge, Trustee ("Trustee") to Debtor's Claimed Exemption. The Debtor, Doris Christine Anzalone ("Debtor"), has claimed real estate commissions paid to her by her employer as exempt under the "wild card" provision of the Illinois exemption statute, 735 ILCS 5/12–1001(b), and the Trustee has objected on two bases: (i) the claim of exemption is untimely, and (ii) the property claimed exempt is business property and, therefore, cannot be claimed as exempt under the Illinois "wild card" provision.

On July 15, 2004, Debtor filed her voluntary chapter 7 petition in bankruptcy. The subject real estate commissions were not disclosed in Debtor's bankruptcy schedules. Debtor attended her first meeting of creditors on August 30, 2004. At the first meeting, Trustee asked about and Debtor disclosed that had received or would soon receive real estate commissions from her employer as a result of pre-petition services provided. On September 9, 2004, Debtor amended her Schedules B and C to disclose the real estate commissions in the amount of $1,478.75 and to claim the sum of $1,250 of said commissions as exempt under 735 ILCS 5/12–1001(b). On September 14, 2004, Trustee filed her objection to Debtor's claim of exemption in the real estate commissions. Trustee asserts that the claim of exemption should be denied because Debtor only amended her schedules to disclose the commissions after the Trustee made demand upon her at the first meeting of creditors. Trustee further contends that the property claimed exempt is business and not personal property and, therefore, cannot be claimed as exempt under the "wild card" provision of the Illinois exemption statute.

Bankruptcy Rule 1009(a) permits liberal amendment of bankruptcy schedules:

(a) GENERAL RIGHT TO AMEND. A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed...

*In re Simpson,* 238 B.R. 776, 781 (Bankr. S.D.Ill.1999). The right to amend, however, is not synonymous with the right to the exemption. The general rule is to allow amended exemption claims absent bad faith, concealment of property, or prejudice to creditors. *In re Yonikus,* 996 F.2d 866, 872 (7th Cir.1993); *In re Hardy,* 234 B.R. 94, 95 (Bankr.W.D.Mo.1999); *In re Fournier,* 169 B.R. 282, 283 (Bankr. D.Conn.1994).

■ Trustee has not asserted that the Debtor intentionally tried to conceal the existence of the real estate commissions, and there is no evidence in the record to support such an assertion. Debtor readily disclosed the existence of the commissions at the meeting of creditors when inquiry was made of her. Thus, the Court finds no intent to conceal by the Debtor.

■ Amending the exemption schedule will not prejudice creditors or other interested parties. It is well settled that a simple delay in filing an amendment where the case is not closed does not alone result in prejudice to creditors. *In re Fournier, supra,* 169 B.R. at 284. Here, the amendment was filed only two weeks after the meeting of creditors. The mere possibility that the amendment will diminish the estate does not constitute sufficient prejudice to warrant denying the exemption. *In re Hardy, supra,* 234 B.R. at 95.

■■ As to the question of whether the subject real estate commissions may be claimed as exempt under the Illinois "wild card" exemption, the Trustee objects, asserting that the "wild card" exemption is limited to personal property and not business property. The Trustee relies upon the first sentence of the final paragraph of the personal property exemption statute which provides:

> The personal property exemptions set forth in this Section shall apply only to individuals and only to personal property that is used for personal rather than business purposes.

Claims of exemption are to be construed liberally in favor of the debtor. *In re Barker,* 768 F.2d 191, 196 (7th Cir.1985). The Trustee offers no authority for her position that cash resulting from commissions from employment is business property or, to be precise, not "personal property". In fact, the precedent clearly states the contrary. *See In re Johnson,* 57 B.R.

635, 637 (Bankr.N.D.Ill.1986) (debtor could properly claim garnished wages as exempt under Illinois "wild card" exemption); *In re Rosol,* 114 B.R. 560, 562 (Bankr.N.D.Ill. 1989) (debtors could properly claim wages as exempt under Illinois "wild card" exemption). Accordingly, Trustee's Objection to Debtor's Claim of Exemption must be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

For the reasons set forth in an Opinion entered this day,

IT IS HEREBY ORDERED that Trustee's Objection to Debtor's Claim of Exemption be and is hereby denied.